J. H. SPRATT v. ADAMS, EXR., AND W. F. CHANDLER.

Weight of Evidence — Verdict of Jury.

> If the verdict of a jury is palpably against the evidence the judgment
> will be reversed.

APPEAL FROM TAYLOR CIRCUIT COURT.

December 8, 1865.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This case has been here before and on the return to the Circuit Court another trial resulted in a judgment for appellees.

There are two bills of exceptions, one signed by the judge who presided, and another by bystanders, but we think, on a fair construction, there is no substantial difference.

It is most apparent from the evidence that when the sheriff sold the land under execution he proclaimed publicly that the purchaser would have to pay the unpaid purchase price; and, therefore, he sold it subject thereto, with the understanding that the purchaser must pay it, which he supposes to be about $80; but whatever the amount, it must be paid. There seems to have been $125.46 of the principal unpaid at that time, but it may be fairly presumed from the evidence that Chandler then held the notes given by Spratt to Adams, executor, as the purchase price, and he being the purchaser under the execution sale knew the amount of the unpaid purchase price; but whether so or not, the proclamation of the sheriff was of such character as to put the bidders on inquiry, and not to limit the purchaser's liability to the exact amount named by the sheriff.

If Chandler did not then own the notes, he afterward purchased them as he was bound to do to comply with the tenor of his execution purchase, and in either event, according to the evidence in this case, he has no right of recovery.

As the instructions in the case do not conform to this view, and as the verdict of the jury is palpably against the weight of evidence, the judgment must be reversed, with directions for a new trial and further proceedings in conformity to this opinion.

Wherefore, the judgment is reversed.